UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No. 26-20122-1

v.                                Shalina D. Kumar
                                United States District Judge

TREVOR LEO PETHERBRIDGE,        Curtis Ivy
                                United States Magistrate Judge

    Defendant,
_____/

## **CRIMINAL TRIAL NOTICE AND SCHEDULING ORDER**

    The purpose of this Order is to:

        1. Provide for Discovery and Inspection of Documents;

        2. Establish a Plea Cut-off Date;

        3. Establish a Motion Cut-off Date;

        4. Set Guidelines for Other Pretrial Matters; and

        5. Set a Trial Date and Final Pretrial Conference.

    This Order is also intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it is in conflict with any administrative order in this District, this Order shall govern.

| Requests for Interpreter: **At least 10 days prior to any Court appearance.** ||
|---|---|
| Motion Cut-off (except for motions *in limine*) | **20 days after arraignment (per 03-AO-027)** |
| Plea Cut-off (date by which parties must notify the court of a defendant's intention to enter a change of plea) | **April 7, 2026** |
| Status Conference (may be scheduled at any time at the request of the parties) | **N/A** |
| Witness Lists, Proposed Voir Dire, Joint Summary of the Case, Proposed **Joint** Jury Instructions and Verdict Form, and Trial Briefs (submitted via CM/ECF "Utilities" function) | **April 14, 2026** |
| Motions *in Limine* | **April 14, 2026** |
| Final Pretrial Conference | **April 21, 2026 at 3:00 p.m.** |
| Trial Date | **May 5, 2026 at 9:00 a.m.** |

**ATTORNEY CONFERENCE AND DISCLOSURE**

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy, or government counsel shall file the Discovery Notice attached to E.D. Mich. Administrative Order No. 03-AO-027.

Upon the request of defense counsel, government counsel shall:

   A. provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1); and

    B. permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

## CONTINUING DUTY

The duty of disclosure and discovery described in this Order is continuing.

## DISCLOSURE DECLINED

If, in the judgment of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth above, the government must file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons for its request.

## DISCOVERY BY THE GOVERNMENT

Nothing in these procedures is designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

## EARLY DISCLOSURE OF JENCKS MATERIAL

The Court encourages the government to disclose *Jencks* Act (18 U.S.C. § 3500) materials well in advance of the trial. In the event that some *Jencks* Act materials are not disclosed sufficiently in advance of a government witness' testimony, the Court will allow a reasonable amount of additional time during trial for the defense to prepare before proceeding.

## PRE-TRIAL MOTIONS

1. Before any pre-trial motion is filed, compliance with [Local Criminal Rule 12.1](#) must be observed.

2. Courtesy copies are *not* required for any motion unless requested by the Court.

## EXHIBITS

1. **List of Exhibits and Agreement as to Admissibility:** A list of proposed exhibits shall be submitted directly to chambers by each of the parties by the deadline established at the final pretrial conference. No later than one (1) week before the final pretrial conference, each party shall make available for inspection all exhibits that the party will

introduce at trial. Counsel are urged to make reasonable efforts to reach agreement concerning the admissibility of each intended physical exhibit before trial. In the event such agreement is reached, government counsel shall prepare a list of the stipulated exhibits for entry at the opening of trial, and the Court will admit these exhibits at the outset.

2. **Marking of Exhibits:** Counsel are required to mark all proposed exhibits in advance of trial. Use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers. The government's exhibits shall use numbers and defendant's exhibits shall use letters. A consecutive numbering and lettering system should be used by each party.

3. **Foundation issues and Motions in Limine:** Motions in limine and any notices of intent to contest foundation, chain of custody, or scientific analysis must be filed at or before the final pre-trial conference. Unless the items or exhibits are unusually voluminous, any notice of intent to contest foundation, chain of custody, or scientific analysis must include a brief item-by-item or exhibit-by-exhibit description of the good faith basis for any objection.

4. **Objections to Exhibits:** These guidelines shall not affect the right of a party to object at the time of trial to the introduction of an exhibit **other than** on the basis of authentication and foundation.

5. **Custody and Record of Admitted Exhibits:** Counsel are required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

6. **Presentation of Exhibits During Trial:** The Court encourages parties to use electronic projection to present exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. Each party must prepare exhibit books for the court and the court reporter. Additionally, an exhibit book should be prepared and made available to any witness who will be questioned about an exhibit, even if counsel intends to present that exhibit via electronic projection.

7. **Preparing Exhibits for Jury Deliberation:** Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

8. **Filing Exhibits:** It is the responsibility of the parties to ensure that the record is complete. All trial exhibits, briefs, and proposed jury instructions are to be filed in the record within five business days of the verdict.

9. **Full Disclosure:** Computer-generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

10. **Penalty:** A party who does not abide by these provisions may be subject to sanctions, including preclusion of the introduction of exhibits at trial by the offending party.

## SCIENTIFIC ANALYSIS

When a defendant has been made aware of the existence of scientific analysis of an exhibit (which analysis has been determined by an expert in the relevant field of science), the results of the scientific analysis of the exhibit and the opinion of the scientist will be admitted into evidence unless the defendant files a notice with the Court (not less than seven (7) days prior to trial) that the scientific analysis of the exhibit will be contested.

## WITNESS LIST AND TESTIMONY

By the deadline established in the Scheduling Order, to enable the Court to better estimate the length of trial, each party shall submit directly to chambers a list of witnesses by name and agency (if appropriate) whom the party reasonably anticipates it will call to testify at trial, noting the approximate amount of time it anticipates will be needed for examination of each such witness. All witnesses, including law enforcement personnel, are to testify in plain clothes.

## JURY INSTRUCTIONS

The parties must meet and confer prior to the final pretrial conference to discuss jury instructions. By the deadline established in the Scheduling Order, the parties must submit directly to chambers a **single set** of proposed, stipulated jury instructions.

The Court has its own standard introductory and concluding instructions. Each party is responsible for submitting all instructions related to the specific charges or defenses, and special instructions relating to evidence. The Court will usually instruct the jury using the Sixth Circuit's pattern jury instructions when available.

All proposed instructions are to be submitted in electronic form (double spaced) compatible with Microsoft Word. Each instruction shall contain references to authority and each instruction shall be on a separate page. In addition, each party must submit separately to chambers all additional proposed instructions (in the same form) to which any other party objects. Disputes regarding proposed jury instructions are settled at a hearing on the record.

## JURY SELECTION

If more than twelve (12) jurors are selected, the Court prefers that alternate jurors be removed by or at the conclusion of the final jury instructions, unless a party objects to this process at or before the final pretrial conference. If objections are made, the last juror(s) drawn during the selection process shall be deemed the alternate juror(s).

The Court will conduct general *voir dire*, but counsel may conduct their own inquiries of prospective jurors. Contentious or questionable *voir dire* questions must be submitted to the Court in writing at least three days before the start of *voir dire*.

## MULTI-DEFENDANT OR MEGA TRIALS

The Court does not have a separate procedure for handling multi-defendant "mega trials." For multi-defendant trials the Court encourages attorneys to work out a procedure for peremptory challenges among themselves. In such trials, if counsel cannot agree among themselves, the Court will allocate peremptory challenges depending on the circumstances of the case.

### TRIAL BRIEFS

The Court encourages, but in most cases does not require, the submission of a trial brief. If the court determines that a trial brief is required or one is otherwise submitted, it should, among other things, inform the court about the party's proposed resolution of anticipated evidentiary issues.

### BENCH TRIAL

In bench trials, proposed findings of fact and conclusions of law must be submitted one week **before** the commencement of trial.

### FINAL PRETRIAL CONFERENCE

At the final pretrial conference, counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to: (1) A potential summary of charges to be read to the jury; (2) Anticipated evidentiary issues; (3) Length of trial; (4) Stipulations that may obviate the need for foundation witnesses; (5) Stipulations that may obviate the need to prove facts that are uncontested; (6) Stipulations that may obviate the need for certain exhibits; (7) Peremptory challenges; and (8) Special arrangements for the presentation of witnesses and other evidence (e.g., A/V needs, interpreters, etc.). The defendant(s) must be present at the Conference.

Dated: March 6, 2026          s/Shalina D. Kumar
                                             SHALINA D. KUMAR
                                             UNITED STATES DISTRICT JUDGE

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2026.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-9762